**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**DONALD WAYNE DUNCAN**                                              **PLAINTIFF**

**v.**                              **NO.  4:05-CV-1514 GTE**

**UNITED STATES GOVERNMENT**                                    **DEFENDANT**

## ORDER OF DISMISSAL

Two motions filed by Plaintiff Donald Wayne Duncan, proceeding *pro se*, are before the Court: (1) Motion for Leave to Proceed *In Forma Pauperis* and (2) Motion Requesting Recusal. For the reasons stated below, the Court concludes that Mr. Duncan's status as a pauper qualifies him for *in forma pauperis* status, but that recusal would not be proper.  The Court further concludes, after undertaking the required screening of this case, that Plaintiff's Complaint fails to state a claim upon which relief may be granted and is frivolous.  The Complaint must, therefore, be dismissed.

The Court will address the recusal issue first before conducting the required screening of the Plaintiff's Complaint.

### RECUSAL

Plaintiff's Motion for Recusal requests that the undersigned recuse himself "as he is one of the many judges who will find themselves as defendants in this case before the court." (Docket No. 5).

Notably, the  federal statute governing the disqualification of judges has been interpreted not to require a judge's automatic disqualification whenever he or she is named as a party.  *See,*

*e.g., In re Martin-Trigona,* 573 F.Supp. 1237, 1242- 43 (D. Conn.1983), *appeal dismissed,* 770 F.2d 157 (2d Cir.1985) ("[I]t is clear that a judge is not disqualified ... merely because a litigant sues or threatens to sue him.");  *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir.1977), *cert. denied,* 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978) ("A judge is not disqualified because a litigant sues or threatens to sue him.").

A primary reason given for this interpretation is to prevent "judge shopping" by litigants. Otherwise, a plaintiff by simply naming the judges of his choice could automatically disqualify the judges of his choosing.  *See Andersen v. Roszkowski*, 681 F.Supp. 1284, 1289 (N.D. Ill.,1988).  As the Seventh Circuit has recognized, '"[automatic] recusal benefits the judge who steps aside, and the litigant who sought this outcome, but it may injure the judge who must take over the case and the litigant aggrieved by the substitution."' *Id.*  (*quoting New York Housing Development Corp.,* 796 F.2d 976, 981 (7th Cir. 1986)).

The comments of a district court in New York, rejecting a plaintiff's motion to disqualify the presiding judge, are particularly instructive:

> [T]his tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit.... [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this.... Otherwise, § 455 could be used as a vehicle to engage in judge- shopping, and to "manipulate the identity of the decision maker." To let such a motion succeed absent a legally sufficient basis would allow any litigant to thwart the legal process by merely filing a complaint against the judge hearing the case.... It is clear that a judge is not disqualified under 28 U.S.C. § 455 merely because a litigant sues him.

*Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1994).

This Court likewise so holds.  Automatic disqualification pursuant to § 455(b)(5)(i) is not required unless there is a legally sufficient basis for suing the judge.

Mr. Duncan's original Complaint fails to name the undersigned as a party.  It was only <u>after</u> The Honorable Judge James M. Moody reassigned this case that the Plaintiff Mr. Duncan attempted to add the undersigned as a party defendant.

As cause for reassigning this case, Judge Moody noted that this case "is a refiling of 4:03-CV-231 which was previously assigned to Judge Eisele."  It appears that the undersigned's handling of Case No. 4:03-CV-231 is this Court's only involvement with Mr. Duncan.

Mr. Duncan's Complaint in the 4:03-CV-231 case and this case are virtually identical, except that it appears that Mr. Duncan has widened his claims and his target of potential Defendants.  In the 4:03-CV-231 case, Mr. Duncan paid the filing fee, as a consequence of which this Court was not required to automatically screen the case.  Mr. Duncan requested counsel, which this Court denied based upon its finding that the allegations in Plaintiff's Complaint appeared frivolous and highly unlikely to form the basis of any recovery.  (Court's Order of June 18, 2003, in Case No. 4:03-CV-231).  Subsequently, the Plaintiff Mr. Duncan filed a motion to dismiss his case without prejudice.  This is the limit of the undersigned judge's involvement with Mr. Duncan.

Mr. Duncan has failed to set forth any facts or legal theory in support of his recently added claim against the undersigned.  In the absence of such, the Court finds that it is not required to recuse.  The Court has no extrajudicial knowledge of the facts alleged and is convinced that it can apply the law fairly and impartially.

Finally, the Court must also consider whether it should recuse under 28 U.S.C. § 455(a), which provides that a district judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  The inquiry under § 455(a) is "one of objective reasonableness."  *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994).  The appropriate test for

disqualification is whether a "reasonable person" with knowledge of all the facts and circumstances might conclude that a judge's impartiality might be questioned.  Applying this test, it is the conclusion of this Court that a reasonable person with access to all the relevant facts and circumstances would not question this Court's impartiality.  *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994).

**SCREENING OF COMPLAINT**

District courts are required to carefully screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915.  More specifically, 28 U.S.C. § 1915(e)(2)(B) states that a court <u>shall</u> dismiss an action in which a party is proceeding *in forma pauperis* if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted.

Mr. Duncan's Complaint, filed October 18, 2005, is ten pages in length and contains a litany of allegations.  As referenced above, the Complaint was originally assigned to The Honorable James M. Moody, but was transferred to this Court upon Judge Moody's finding that it was a refiling of a case previously assigned to the undersigned, a case also entitled *Donald W. Duncan v. United States Government*, Case No. 4:03-CV-00231 GTE.  Indeed, as the Court has already noted, the present case does appear to allege virtually identical allegations of wrongdoing as the prior case.  On November 14, 2005,  Mr. Duncan submitted an "Addendum" to the Complaint, therein naming sixteen additional groups of Defendants, all judges, government agencies or government officials.

Mr. Duncan alleges various indignities suffered at the hands of the United States Government and government officials.  The Complaint introduces the list of Defendants as "the perpetrators, those who knew better and what they did."  It further appears that all of the claims are related either directly or indirectly to the following assertion:

> For the past 17+ years, a bunch of conspiring men and women have made up
> some tremendously horrific story about how the plaintiff, Donald Wayne Duncan,
> has threatened to kill 17 Postal Employees. . . . What we have is a story fabricated
> by evil men based upon my serious heas [sic] traumas from military service and
> the fact that the United States Marine Corps consider [sic] me to be an expert
> marksman.  There is now and has been an ongoing conspiracy based upon
> collusion, fraud, et al to deny a man of his human dignity, from the very
> beginning.  This conspiracy involves the USPS, the USDOL, and the USOPM.

(Addendum to Complaint, Doc. 7, at pp. 7-8).

It is immediately apparent that Mr. Duncan's claims are stale as they relate to occurrences

decades ago.  For example, Mr. Duncan seeks damages for occurrences related to his two

enlistments in the United States Marine Corp, the last of which ended on May 20, 1980.

(Complaint at p. 4).  Mr. Duncan received a medical discharge from the Marine Corps due to

severe head and bodily injuries.  On October 27, 1981, the United States Postal Service

("USPS") hired Mr. Duncan.  On or about May 27, 1982, Mr. Duncan claims to have sought the

assistance of a "a good psychiatrist" from the USPS medical officer due to problems caused by

his prior military head injuries. Mr. Duncan claims the USPS failed to help him.  He further

claims that he later suffered a back injury while working for the USPS.  Mr. Duncan and the

USPS became involved in a dispute regarding his back injury.  This dispute continued for many

years and appears to have involved many other government agencies and officials.

With regard to the alleged accusation by the USPS in 1988 that Mr. Duncan threatened to

kill 17 people, Mr. Duncan alleges that this statement was "nothing more than hot air, false

allegations" . . . and "nothing but an attempt . . . to rid themselves of what they considered the

plaintiff to be, ie, a troublesome employee."  (Complaint at p. 8).

From the allegations in Mr. Duncan's Complaint, it appears that he has litigated

previously his claims against the USPS, but he does not like the outcome of such litigation and is

either trying to:  (1) relitigate claims he already litigated and lost, (2) sue the judicial officials

who held against him; or (3) sue the governmental officials who testified against him or represented other agencies.  For example, it appears that he participated in proceedings before the Merit Systems Protection Board ("MSPB"), but he claims that the Administrative Judge in that proceeding "is guilty of judicial misconduct in that the judge failed to rule properly."  Similarly, Mr. Duncan raises claims against other administrative judges serving on the MSPB.  He claims some of theses judges "are guilty of subornation of perjury" for permitting agency representatives to commit perjury.  He raises further claims against "those arrogant asses" who serve on the MSPB in Washington, DC.  As evidence, Mr. Duncan cites a 5/18/98 ruling against him. (Complaint at pp. 9-10).  With regard to claims falling in any of these three categories, this Court lacks jurisdiction or legal authority to preside over or to grant relief over any such claims.

In reviewing Mr. Duncan's Complaint and proposed Addendum, the Court concludes that it fails to state a claim upon which relief may be granted and is frivolous.  Said reasons include, but are not limited to, the following.

First, to the extent Mr. Duncan seeks monetary relief from Defendants who are judges and prosecuting attorneys, such claims fail because those Defendants are entitled to absolute immunity from such claims.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)( "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . ."); *Imbler v. Pachtman*, 424 U.S. 409 (1976)(state prosecutor acting within the scope of his duties in initiating and pursuing criminal prosecution and in presenting state's case is absolutely immune from suit for damages for alleged deprivations of the defendant's constitutional rights).

Second, to the extent Plaintiff intends to raise non-tort claims for monetary relief against the United States or individuals acting on its behalf, those claims exceed a monetary value over

$10,000, and therefore, must be pursued in the Court of Claims.  28 U.S.C. § 1346(a)(2).  This

Court lacks subject matter jurisdiction over such claims.

   Third, to the extent Plaintiff intends to pursue his claims as an action sounding in tort, it

appears those actions are barred for failure to exhaust, untimely, or barred by res judicata

principles.  Tort-based claims against the United States or its agencies for the negligence or

wrongful acts of its employees must be pursued under the Federal Tort Claims Act ("FTCA").

28 U.S.C. § 2675.  Exhaustion of administrative remedies is a jurisdictional prerequisite to an

action under the FTCA.  *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.

1993)(Presentment of an administrative claim is jurisdictional and must be pleaded and proven

by the FTCA claimant).

   The time to submit an administrative claim is limited by statute, *to-wit*:

   A tort claim against the United States shall be forever barred unless it is presented in
   writing to the appropriate Federal agency within two years after such claim accrues or
   unless action is begun within six months after the date of mailing, by certified or
   registered mail, of notice of final denial of the claim by the agency to which it was
   presented.

 Title 28 U.S.C. §§ 2401(b).

   Here, it appears  that Plaintiff has litigated in other forums his claims against the USPS

and, perhaps, other Defendants, although the Court cannot determine from this record whether

Plaintiff previously pursued any claims pursuant to the FTCA.  To the extent Plaintiff has already

litigated such claims, principles of res judicata prevent him from litigating them again.  To the

extent Plaintiff has unlitigated FTCA claims, the Court lacks jurisdiction over any claims which

have not first been presented to the appropriate agency.  Moreover, any such claims, to the extent

they have not been presented to the appropriate agency, appear to be far beyond the applicable

two-year limitations period.

Of course, principles of res judicata are not limited to Plaintiff's tort claims, but apply to bar any issues which were or could have been litigated in the array of prior proceedings by the Plaintiff.  The Complaint indicates that Mr. Duncan has been a frequent litigant in many different forums.  Many of his claims in this case appear to relate to decisions in other forums by other judicial officers, decisions with which Mr. Duncan disagrees.  Additionally, this Court lacks jurisdiction to review decisions by other courts.  Such claims are frivolous and may not proceed.

Finally, as the Court alluded to earlier in this opinion, a limitations period also applies to each and every one of Plaintiff's claims, not just his tort claims.  The longest statute of limitation applicable to Plaintiff's claims is three years.[1]  Plaintiff filed this action on October 17, 2005. Accordingly, assuming a three year limitations period, any claims accruing prior to October 17, 2002 are outside the longest applicable statute of limitations.  It appears that any and all of Plaintiff's remaining claims which do not fail for other legal reasons (such as immunity, failure to exhaust administrative remedies, or res judicata) are barred by limitations.

## CONCLUSION

For all of the above stated reasons, Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.  Accordingly,

IT IS HEREBY ORDERED THAT:

(1)  Plaintiff Donald Wayne Duncan's Motion to Proceed *In Forma Pauperis* (Docket No. 1) be, and it is hereby, GRANTED;

(2)  Plaintiff Donald Wayne Duncan's Motion to Recuse (Docket No. 5) be, and it is hereby, DENIED.

---

[1]  *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992)(statute of limitations period for § 1983 claims in Arkansas is three years).

(3)  Plaintiff Donald Wayne Duncan's Complaint (Docket No. 2) be, and it is hereby DISMISSED.

(4) For purposes of judicial economy, any future filings by Donald Wayne Duncan (or Donald W. Duncan) naming as a Defendant the United States Government, its agencies, or government officials shall be assigned directly to the undersigned judge.

IT IS SO ORDERED THIS 6th day of January, 2006.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE